**Lee Meza ESPINOZA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38871.**

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Rehearing Denied Feb. 23, 1966.

Joann Peters, Dallas, Waldie, McDowell & Colvin, by Emmett Colvin, Jr. (On Appeal Only), Dallas, for appellant.

Henry Wade, Dist. Atty., Don Koons, Joe Max Henley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, fourteen days in jail and a fine of $500.

The testimony of two officers reveals that the automobile which they saw the appellant driving on a public street was weaving and also struck the curb before it was stopped. They further testified that immediately after the appellant had stopped they saw him walk, heard him talk, and smelled the odor of alcohol on his breath; and they expressed the opinion that he was intoxicated.

Testifying in his own behalf, the appellant admitted drinking two beers about an hour before he was apprehended, but stated that he was not intoxicated. Appellant's testimony is supported by that of his brother who saw him a short time before his arrest.

■ The jury resolved the issue of intoxication against him, and the evidence is sufficient to support the conviction.

■ The sole contention relied on for reversal is that the trial court erred in permitting testimony that the appellant had been in jail and paid a fine for being drunk and disorderly on Saturday night before he was arrested on Sunday night for driving while intoxicated, the offense charged in this case.

This matter arose during the cross-examination of the appellant as follows:

"Q Now, you said you hadn't done any drinking all day Sunday, is that right?

"A Correct.

"Q About what time did you get up, do you remember?

"A About 6:00.

*   *   *   *   *   *

"Q All right. And you say you got out of bed about 6:00 that morning?

"A Yes, sir.

"Q All right. I guess that was at home, wasn't it?

"A Yes, sir.

"Q You say it was at home where you got out of bed that morning?

"A Yes, sir, and I got up at 6:00.

"Q Your answer was yes to my question you got out of bed at home?

"A Yes.

"Q Is that right?

"A Yes, sir.

"Q Do you want to tell the jury where you got out of bed Sunday morning? You think about it and you tell me and I'll ask you a couple of more questions. Now, did you see anybody else any time on Sunday there?

"A No.

*   *   *   *   *   *

"Q Have you thought about yet where you got up on that Sunday morning?

"A At home.

"Q At home. It's true, isn't it, Mr. Espinoza, that you got out of jail on that Sunday morning after being thrown in jail on Saturday night for being drunk and disorderly and you paid $10?

"Appellant's Attorney: Your Honor, I object to that question. It's full of possibilities.

"Q You spent that Saturday night in jail, didn't you?

"The Court: Was that an objection?

"Appellant's Attorney: Yes, sir, I object to the question.

"The Court: The State's attempting to impeach the witness.

"State's Counsel: Yes, sir.

"The Court: I'll overrule you.

"Appellant's Attorney: I would object to the question, the form of the question.

"The Court: All right.

"Q Isn't that right?

"A Yes, right.

"Q It just kind of skipped your mind, didn't it? You didn't get up from your house but you got up from a jail bed down there Saturday night, isn't that right?

"A Right.

"Q And you paid $10 for being drunk and disorderly?

"A Yes, sir."

On re-direct examination the appellant testified as follows:

"Q Mr. Espinoza, did you get out of bed at home at 6:00 Sunday morning?

"A No, ma'am.

 \*   \*   \*   \*   \*   \*

"Q All right. Did you pay some money to get out of jail Sunday morning?

"A $10."

There were no objections on the ground that the occurrences Saturday night and Sunday morning were extraneous and prejudicial, and no motions were made to strike such testimony or that the jury be instructed not to consider it.

In light of the record, no reversible error is shown.

The judgment is affirmed.

Opinion approved by the Court.